IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-417-BO

| | |
|---|---|
| CHARLENE VIRGIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [DE 39, 44]. Ms. Virgil alleges (1) that new evidence demonstrates that the ALJ erred in determining that she did not meet Listing 1.03, (2) that the ALJ erred in finding that she did not meet Listing 12.04, and (3) that the ALJ erred by failing to analyze her residual functional capacity ("RFC") in light of her two surgeries. For the reasons stated below, Plaintiff's Motion [DE 39] is GRANTED, Defendant's Motion [DE 44] is DENIED, and the decision of the Commissioner is VACATED and REMANDED for further proceedings consistent with this opinion.

## BACKGROUND

Plaintiff applied for Title XVI Supplemental Security Income benefits on March 12, 2008, alleging an onset date of December 31, 2004, which was later amended to November 15, 2007. Tr. 7. Her claim was denied initially, Tr. 78, and on reconsideration, Tr. 103. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 115. Her hearing was held on January 15, 2010, before ALJ Edward Bowling. Tr. 7. ALJ Bowling denied

Plaintiff's claims in a decision dated February 23, 2010. Tr. 7-15. Plaintiff sought Appeals Council review of the ALJ's decision, which was denied on August 14, 2010, and ALJ Bowling's decision then became the final agency determination. Tr. 1-3. Having exhausted her administrative remedies, Plaintiff filed a request to proceed in forma pauperis with complaint attached on October 6, 2010 [DE 1]. United States Magistrate Judge James E. Gates granted Plaintiff's request on October 12, 2010 [DE 7]. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in Elizabeth City, North Carolina, on October 18, 2011 [DE 47]. The motions are now ripe for adjudication.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if the individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

## I. The Five-Step Sequential Evaluation

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. § 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's RFC is assessed to determine if the claimant can perform physical and mental work activities on a sustained basis despite limitations from his impairments. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. *See* 20 C.F.R. § 404.1512(g). If the claimant cannot perform other work, then he is found to be disabled.

## II. The ALJ's Decision of February 23, 2010

In this case, the ALJ found that the claimant has not been under a disability, as defined in

the Social Security Act, since March 12, 2008, the date the application was filed. Tr. 15. At step one, the ALJ found that the claimant had not engaged in substantial gainful activity since March 12, 2008, the application date. Tr. 9. At step two, he found that at all times relevant to this decision, the claimant had the following severe impairments: fracture of the lower limb, gout, hypertension, peripheral neuropathy, depressive disorder, anxiety disorder, and alcohol abuse. Tr. 9.

At step three, the ALJ found that the claimant has not had an impairment that met or medically equaled an impairment listed in 20 C.F.R. § 404.1520(d). Tr. 11. At step four, the ALJ found that Ms. Virgil has the RFC "to sit 6 hours; walk or stand 1 hour; lift and carry 10 pounds, push and pull 10 pounds; occasionally climb, balance, stoop, crouch, kneel or crawl; perform no work at heights, around dangerous machinery or environments with respiratory irritants; and perform work that involves no more than simple, routine or repetitive tasks." Tr. 13 (citing 20 C.F.R. § 416.967(a)). Although the ALJ found that Ms. Virgil was unable to perform any past relevant work, he did find that, considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. Tr. 14.

Because the Court finds that new evidence should be considered by the ALJ in determining whether Ms. Virgil meets the Listing under 1.03, and because the ALJ's findings are not supported by substantial evidence, this case shall be remanded for further proceedings.

**A. In light of new evidence that may demonstrate error in the ALJ's determination that Ms. Virgil did not meet the Listing, remand is appropriate.**

A district court may remand a disability case to the Commissioner for consideration of new evidence if (1) the evidence is new and not cumulative, (2) the evidence is material, and (3)

there is good cause for not having incorporated the new evidence into the administrative record. *See* 42 U.S.C. § 405(g); *Borders v. Heckler*, 777 F.2d 954, 954 (4th Cir. 1985) (superseded by statute, 42 U.S.C. § 405(g)).

In his decision, ALJ Bowling found that Ms. Virgil's impairments did not meet any of the 1.00 Listings. Listing 1.03 requires that a claimant (a) underwent reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, (b) was unable to ambulate effectively, as defined in 1.00B2b, and (c) return to effective ambulation did not occur, or is not expected to occur, within twelve months of onset. 20 C.F.R. § 404 Subpart P, App. I § 1.03.

The ALJ noted that Ms. Virgil underwent intramedullary nailing to treat a spiral fracture of the distal tibia and a fracture of the proximal fibula. Tr. 10. Although Dr. Araujo's report, on which the ALJ relied, forecast that Ms. Virgil would not need a walker or other assistive device for the next twelve months or longer, the June 2010 medical report and February 2011 affidavit demonstrate that Ms. Virgil's inability to effectively ambulate persisted beyond the twelve-month time frame. This evidence is new because it demonstrates that Ms. Virgil's impairments met the durational requirement, contrary to the forecast made by the ALJ. The evidence is material because it might reasonably be expected to cause the agency to reverse its position on whether Ms. Virgil met Listing 1.03. Ms. Virgil could not have introduced this evidence in her initial hearing because the report and affidavit did not exist at the time of the hearing. Therefore, remand for consideration of this evidence by the ALJ is appropriate.

### B. Because the ALJ's conclusion that Ms. Virgil does not meet Listing 12.04 is not supported by substantial evidence, remand is appropriate on that issue.

To meet Listing 12.04, an individual must (a) suffer a medically documented depressive, manic, or bipolar syndrome that (b) results in restriction of at least two listed functional areas. 20

C.F.R. § 404 Subpart P, App. I § 12.04. In determining that Ms. Virgil did not meet Listing 12.04, the ALJ found that she suffers from the severe impairment of a depressive disorder, but that the disorder does not restrict two of the listed functional areas. Tr. 9.

The four listed functional areas in Listing 12.04B are: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. § 404 Subpart P, App. I § 12.04. The ALJ found that Ms. Virgil had only mild restriction in her activities of daily living, mild difficulty with social functioning, moderate difficulty with concentration and pace, and no episodes of decomposition. Tr. 12. These findings are not supported by substantial evidence.

Ms. Virgil presented functioning assessments demonstrating low GAF scores and describing her depressed mood, sleep disturbance, poor appetite, poor concentration, fatigue, crying, irritability, and feelings of helplessness and hopelessness. Tr. 403-10, 693-95. However, the ALJ found that Ms. Virgil's symptoms were not as severe as indicated in her functioning assessments because she cooked meals, attended church, worked crossword puzzles, spoke with friends, and attended the hearing to testify. Tr. 13. None of these activities rebuts the treating sources and, without additional discussion, these activities do not provide substantial evidence in support of the ALJ's determination that Ms. Virgil does not meet Listing 12.04.

Ms. Virgil has conceded that she has an extensive history of alcoholism. However, because the ALJ concluded that Ms. Virgil did not meet the Listing, he did not consider whether or not that history was a material contributing factor to the determination of her disability. Because his initial conclusion is unsupported by substantial evidence, remand is appropriate to allow the ALJ to conduct this materiality determination. 20 C.F.R. § 416.935.

**C. If the ALJ concludes that Ms. Virgil does not meet the above Listings on remand, Ms. Virgil's RFC must be recalculated in light of her two surgeries and new evidence.**

In his decision, the ALJ concluded that Ms. Virgil had an RFC to "sit 6 hours; walk or stand 1 hour; lift and carry 10 pounds, push and pull 10 pounds; occasionally climb, balance, stoop, crouch, kneel or crawl; perform no work at heights, around dangerous machinery or environments with respiratory irritants; and perform work that involves no more than simple, routine, repetitive tasks." Tr. 13. This RFC is identical to the RFC reached by ALJ Miller on Ms. Virgil's prior claim, which was decided on November 14, 2007. Tr. 138. However, in the intervening years between agency decisions, Ms. Virgil underwent two surgical arthrodeses. In ALJ Bowling's RFC calculation, he again relied on Dr. Araujo's prediction that Ms. Virgil would need no assistive device six months after surgery. Tr. 13. On remand, the ALJ is directed to review the June 2010 medical report and February 2011 affidavit, and consider the effect of Ms. Virgil's surgeries on her RFC.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion [DE 39] is GRANTED, Defendant's Motion [DE 44] is DENIED, and the decision of the Commissioner is VACATED and REMANDED for further proceedings consistent with this opinion.

SO ORDERED. This 31 day of October, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE